

# NUMBER 13-16-00337-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RENE RIVAS JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator Rene Rivas Jr., proceeding pro se, filed a petition for writ of mandamus on June 27, 2016, through which he seeks to compel the trial court to grant a nunc pro tunc judgment and inform the Texas Department of Criminal Justice regarding the corrected judgment. According to relator, the Texas Department of Criminal Justice incorrectly

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

believes that he has been convicted of aggravated sexual assault and that has affected his ability to obtain parole.

Relator was convicted in trial court case number 09-CR-856-D in the 103rd District Court. *See generally In re Rivas*, No. 13-14-00648-CR, 2014 WL 6085670, at *1 (Tex. App.—Corpus Christi Nov. 13, 2014, orig. proceeding) (mem. op. per curiam, not designated for publication) (denying mandamus relief regarding the trial court's alleged failure to act on relator's post-conviction motions for DNA testing); *Rivas v. State*, No. 13-11-00139-CR, 2012 WL 114198, at *1 (Tex. App.—Corpus Christi Jan. 12, 2012, pet. ref'd, untimely filed) (mem. op., not designated for publication) (affirming relator's convictions for assault and sexual assault under *Anders v. California,* 386 U.S. 738, 744 (1967)); *Ex Parte Rivas*, No. AP-76,502, 2011 WL 1158566, at *1 (Tex. Crim. App. Feb. 16, 2011) (per curiam, not designated for publication) (granting permission for an out-of-time appeal); *Rivas v. State*, No. 13-10-00119-CR, 2010 WL 2471754, at *1 (Tex. App.—Corpus Christi June 17, 2010, no pet.) (dismissing appeal as untimely).

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

The Court requested and received a response to the petition for writ of mandamus from the real party in interest, the State of Texas, acting by and through the Cameron County District Attorney. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The State asserts that the

trial court denied relator's motion for nunc pro tunc judgment on June 30, 2016 and that the judgment originally issued in this cause correctly reflects that relator was convicted of the lesser included offenses of assault and sexual assault.

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the record, is of the opinion that relator is not entitled to the relief sought in this original proceeding. *See In re State ex rel. Weeks*, 391 S.W.3d at 122. Accordingly, we deny the petition for writ of mandamus.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of July, 2016.